(No. 4384- )

JAMES MARSAGLIA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1951.*

JAMES MARSAGLIA, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, James Marsaglia, seeks to recover from respondent under the Workmen's Compensation Act for

the loss of the distal end of his right ring finger, as the result of an accident that arose out of and in the course of his employment as a temporary equipment operator for the Division of Highways.

Mr. James Marsaglia was 23 years of age, married, and resided in the Village of Auburn, Sangamon County, on May 17, 1950, the date of the injury complained of. He informed the Division of Highways that there were no children under 18 years of age dependent upon him for support.

He was first employed by the Division of Highways on January 16, 1950 as a common laborer, and at a wage rate of $1.00 an hour. With the exception of the period from March 30 to May 1, 1950, inclusive, Mr. Marsaglia was employed continuously by the Division of Highways, weather permitting, and work being available, from the date of his first employment until May 17, 1950, the date of his injury. During this period, Mr. Marsaglia was occasionally employed as a temporary equipment operator, and, when so employed, was paid a wage of $1.20 an hour. The Division paid Mr. Marsaglia $606.40 in wages during his period of employment.

On May 17, 1950, Mr. Marsaglia was using a Divison truck for the purpose of hauling dirt to be used in leveling shoulders on S.B.I. Route No. 29 at a point about ¼ mile north of Sharpsburg in Sangamon County. At approximately 2:00 P.M., that day, Mr. Marsaglia was cleaning out the last of a load of clotted dirt and sod from the truck he was driving. To do this, he swung the endgate back and forth. While swinging the endgate, he caught his right ring finger between the endgate and the truck body, severely crushing the distal end of the finger.

He was taken to Dr. H. M. Wolfe, Taylorville, for such treatment as the doctor should advise.

On May 18, 1950, Dr. Wolfe submitted the following report to the Division of Highways:

"Distal end of right ring finger mashed, amputated near joint. Treatment—At St. Vincent's Hospital, Taylorville, Illinois. Distal end of right ring finger amputated near joint. X-Rays—No. Remarks—After recovering from anesthetic, patient left hospital about 5 P.M. Estimated date of discharge—About 2-3 weeks. Estimated date of ability to return to work—Is going to do flag work on road. What permanent disability do you expect?—Loss of end of right ring finger. Date patient was discharged—Not discharged."

Dr. Wolfe sent the following final report to the Division on June 26, 1950:

"Nature of Injury—Distal end of right ring finger mashed. Treatment—Removed distal end of right ring finger just distal to joint. Antiseptic dressings. X-Rays—No. Date patient was discharged—June 26, 1950. Permanent disability—Loss of end of right ring finger."

Mr. Marsaglia returned to work the day following the amputation of his finger by Dr. Wolfe. Therefore, he was not paid compensation for total temporary disability.

The Division has paid the following creditors because of Mr. Marsaglia's injury: Dr. H. M. Wolfe, Taylorville—$41.00, and St. Vincent's Hospital, Taylorville—$22.75, totalling $63.75.

Although claimant had worked for respondent for less than one year at the time of the accident, employees engaged in similar work earned far in excess of $1,560.00 per year. Claimant's compensation rate is, therefore, the maximum of $15.00. Since the accident occurred subsequent to July 1, 1949, this must be increased 50%, making his compensation rate $22.50.

The record consists of the complaint, Departmental Report, stipulation waiving briefs of both parties, and transcript of the evidence.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act.

Claimant is entitled to an award for 50% loss of his right third, or ring finger, and under Section 8, Paragraph (e) (4) of the Workmen's Compensation Act 12½ weeks at his compensation rate of $22.50 per week, or the sum of $281.25.

An award is, therefore, hereby entered in favor of claimant, James Marsaglia, in the amount of $281.25, which is payable forthwith.

Harry L. Livingstone was employed to take and transcribe the testimony in support of this claim, for which he made a charge of $17.40. We find this charge to be fair, reasonable and customary for the services rendered.

An award is, therefore, hereby entered in favor of Harry L. Livingstone in the sum of $17.40.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".